IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 1:15-cr-00005-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| JOHN MICHAEL AWTREY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account. [Doc. 58]. The Defendant has not responded to the Government's motion.

## BACKGROUND

The Defendant John Michael Awtrey was found guilty of Distribution, Receipt and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B). [Doc. 34: Verdict]. On June 2, 2016, this Court sentenced him to a total of one hundred and fifty (150) months' imprisonment, and a lifetime of supervised release. [Doc. 43: Judgment at 2]. This Court also ordered him to pay a $300.00 special assessment and

$15,000.00 in restitution. [Id. at 6]. According to the Government, to date, he has paid the special assessment and $175.00 towards restitution. [Doc. 58-1 at 1]. He remains in federal custody and is currently incarcerated at FCI Ashland. His projected release date is June 16, 2024.[1]

The current balance of Defendant's restitution debt is $14,825.00. The United States Attorney's Office recently learned that he currently has $1,346.97 in his inmate trust account maintained by the Bureau of Prisons ("BOP"). The United States moves for entry of an order authorizing the BOP to turn over $1,146.97 of the funds held in Defendant's inmate trust account to the Clerk of Court as payment toward the restitution owed to the victims of Defendant's crime. [Doc. 58].

## DISCUSSION

Title 18, United States Code, section 3613 sets out procedures for the United States to enforce criminal monetary penalties, including restitution and fines. See 18 U.S.C. §§ 3613(a) and (f). Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arises against all of the defendant's property and rights to property, including the defendant's interest in funds held by the BOP in his inmate trust account. See 18 U.S.C. § 3613(a) (United

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Oct. 17, 2021).

2

Case 1:15-cr-00005-MR-WCM   Document 59   Filed 10/26/21   Page 2 of 4

States may enforce restitution against all property and rights to property of the defendant).

The Mandatory Victims Restitution Act ("MVRA") permits the United States to use "all other available and reasonable means" to collect restitution. See 18 U.S.C. § 3664(m)(1)(A)(ii). The MVRA also requires that a defendant's substantial resources received from any source during his term of incarceration be applied to his outstanding restitution obligation. See 18 U.S.C. § 3664(n). The MVRA further authorizes the Court to order payment of a restitution obligation upon notice of a material change in a defendant's economic circumstances that affects his ability to pay restitution "as the interests of justice require." See 18 U.S.C. § 3664(k).

The funds at issue currently are in the Government's possession, and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. See 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Thus, the Court concludes that an order authorizing the turnover of the Defendant's property is appropriate here.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account [Doc. 58] is **GRANTED**, and

the Bureau of Prisons is hereby authorized to turn over to the Clerk of Court funds in the amount of $1,146.97 held in the inmate trust account for the Defendant as payment for the criminal monetary penalties imposed in this case.

**IT IS SO ORDERED.**

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge